UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICK M. MURPHY, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:22-cv-00115-NT |
| DAVID J. BOBROW, et al., | ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff, who is evidently serving a state custodial sentence, filed a complaint against his former attorney and an assistant district attorney. (Complaint, ECF No. 1.) With the filing of his complaint, Plaintiff filed a copy of his jail trust account statement, which the Court construed as a motion to proceed without the prepayment of fees and costs. (Statement, ECF No. 2.) The Court granted the motion. (Order, ECF No. 3.) Subsequently, the filing fee was paid in full.

After a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that his former attorney, Defendant Bobrow, failed to present evidence favorable to Plaintiff and provided inconsistent advice to Plaintiff in Plaintiff's state court criminal proceeding. Plaintiff also asserts that the prosecutor in the case, Defendant O'Brien, misrepresented certain evidence.

## DISCUSSION

In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Even if § 1915 did not apply because the filing fee was paid in full, a review of Plaintiff's complaint is appropriate because Plaintiff's allegations raise a jurisdictional question. "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011). Furthermore, Plaintiff's claim against Defendant O'Brien is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted).

To state a federal claim under 42 U.S.C. § 1983, Plaintiff not only must identify a right protected by the Constitution, he must also assert the claim against a person or entity who can fairly be described as a state actor. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005); 42 U.S.C. § 1983. Plaintiff has not alleged facts that would support the necessary finding that Defendant Bobrow is a state actor. Plaintiff, therefore, has not asserted against Defendant Bobrow an actionable claim within this

Court's federal question jurisdiction under 28 U.S.C. § 1331. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

This Court's jurisdiction to consider state law claims ordinarily requires that the plaintiff and the defendants be of diverse citizenship and that the value of the state claim exceed $75,000. 28 U.S.C. § 1332. Because Plaintiff and Defendant Bobrow are both alleged to be residents of the State of Maine, this Court does not have diversity jurisdiction. Although federal district courts can in certain cases exercise jurisdiction over state law claims between non-diverse parties based on pendent party jurisdiction under 28 U.S.C. § 1367, because Plaintiff has not asserted a claim against Defendant Bobrow over which the Court has original jurisdiction, the Court's supplemental jurisdiction is inapplicable.[1]

As to Plaintiff's claim against Defendant O'Brien, Plaintiff has not alleged sufficient facts to support his suggestion that Defendant O'Brien misrepresented the facts in the state court proceeding. Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[p]rosecutors are entitled to absolute immunity

---

[1] Plaintiff also referenced a previously initiated postconviction review proceeding in state court, which his attorney allegedly "had to stop" for other reasons. Even if the Court were to construe Plaintiff's complaint as a petition for a writ of habeas corpus, dismissal would still be appropriate. A prisoner who wants to challenge in federal court the constitutionality of state court criminal proceedings, including allegations of ineffective assistance of counsel, must first exhaust the available postconviction remedies and appeals within the state court system. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

from lawsuits brought against them for their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Plaintiff has not alleged an actionable claim against Defendant O'Brien.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of May, 2022.